UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME RIVAS, | No. 1:26-cv-00785-DJC-SCR |
| Petitioner, | |
| v. | FINDINGS & RECOMMENDATIONS |
| WARDEN OF THE GOLDEN STATE ANNEX ICE DETENTION FACILITY, | |
| Respondent. | |

Petitioner is a federal immigration detainee proceeding with a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.  This action was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

The parties in this case acknowledge that petitioner was previously released by the Department of Homeland Security premised upon either an explicit or implicit finding that he was not dangerous or a flight risk.  See ECF No. 7 at 1.  There is no evidence in the record that petitioner has been convicted of any crimes, that he failed to comply with any conditions of release, or that he is subject to a final order of removal.  Petitioner has a pending asylum application.  His final merits hearing in immigration court is scheduled for March 12, 2026.[1]

---

[1] The undersigned takes judicial notice of petitioner's Executive Office for Immigration Review case information.  See Fed. R. Evid. 201(b)-(c) (a court "may take judicial notice on its own" of facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned").

1

Considering all of these factors, and consistent with the Court's rulings in Singh v. Andrews, No. 1:25-cv-01543-DJC-SCR, 2025 WL 3248059 (E.D. Cal. Nov. 19, 2025); Mariagua v. Chestnut, No. 1:25-cv-01744-DJC-CSK, 2025 WL 3551700 (E.D. Cal. Dec. 11, 2025); and Ortega v. Noem, No. 1:25-cv-01663-DJC-CKD, 2025 WL 3511914 (E.D. Cal. Dec. 8, 2025), the court finds that petitioner's Fifth Amendment right to procedural due process was violated by his redetention without a pre-deprivation hearing.

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  Petitioner's application for a writ of habeas corpus (ECF No. 1) be granted.

2.  Respondent be ordered to release petitioner immediately and to not impose any additional restrictions on him, unless they are determined to be necessary at a future pre-deprivation/custody hearing.

3.  At the time of release, respondent be required to return all of petitioner's documents and possessions.

4.  If the government seeks to redetain petitioner, it must provide no less than 7 days of notice to petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter at which petitioner's eligibility for bond must be considered.  At any such hearing, the government shall bear the burden of establishing, by clear and convincing evidence, that petitioner poses a danger to the community or a risk of flight.

5.  Respondents be directed to file a notice of compliance with the provisions of any order entered in this case.

6.  The Clerk of Court be directed to enter judgment for petitioner and to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs.  See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets

2

the maximum objection period and not the minimum); see also Local Rule 304(b).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 25, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

3